448

20287. BRAMLETT *v.* FORD.

DECIDED MAY 14, 1930.

*Olin Hammock,* for plaintiff. *C. W. Worrill,* for defendant.

BLOODWORTH, J. Only the second headnote requires elaboration. The judge who tried the case wrote such an interesting and complete final judgment that we are adopting his order in its entirety, to wit: "This was a suit for damages, as the court now understands, based on an attachment sued out and returnable to the May term, 1929, of Randolph superior court, and stood ready for trial at the November term, 1929, of said court. With one exception, all civil cases pending in the court were set for trial Monday, November 4, 1929. When this case was reached in its order on Monday, November 4, 1929, and sounded for trial, the defendant announced ready. There was no response by the plaintiff either in person or by counsel. Defendant's counsel made a motion to dismiss plaintiff's proceedings in their entirety, and the proper orders were taken. At that time the civil calendar for the term had been practically concluded, and in fact was concluded on Monday with the exception of one short case, in which a jury was selected, the case tried Tuesday morning, and the civil calendar closed for the term. On Thursday, November 7, the plaintiff, Bramlett, presented a petition setting forth the reasons why her attorney was not present when her case was called for trial and asking that the orders previously passed dismissing the proceedings be vacated, the case reinstated and stand ready for trial at the present term of the court. No reason was given for the absence of the plaintiff. To this petition the defendant filed a demurrer and answer. The court is of the opinion that the petition for reinstatement, with exhibits, presents no legal or excusable reason

for the voluntary absence of the attorney without leave of absence, and that an order sustaining the demurrer and dismissing the petition for reinstatement would be fully authorized, if not demanded, but, desiring to ascertain the full facts, no such order was passed, but the motion for reinstatement was heard on its merits. The attorney for the plaintiff stated in his place on the hearing in open court that he left Randolph county on Tuesday for DeLand, Florida, to try a case in which he was plaintiff and also a witness, without obtaining leave of absence from the court, that he reached DeLand on Wednesday morning, and the hearing on his case started Thursday morning, October 31, and proceeded for only a few minutes, when it was interrupted by a proceeding for contempt against an attorney in the case. The hearing on the main case was suspended and the hearing on the contempt case was set for Saturday morning, November 2, and lasted about an hour. A special master was then appointed on the main case, and the taking of evidence on the main case began Saturday afternoon November 2, and lasted until Tuesday afternoon, November 5, 1929. The contempt case was collateral to and grew out of the main case in which Mr. Hammock the attorney was a plaintiff and witness. The attorney also stated in his place that he was not served by any process of the Florida court, nor was he under any process requiring and commanding him to remain in court, but was requested by the presiding judge to remain as a witness during the hearing on the contempt proceedings. It was further stated that the distance from Cuthbert, Ga., to DeLand, Florida, is approximately 400 miles and can be made in about twelve hours by automobile. On Monday morning, November 4, just before Randolph superior court convened, the court received the following letter from the attorney for Bramlett: 'DeLand, Florida, November 2, 1929. Hon. M. J. Yeomans, Dawson, Georgia. Dear Judge: I am in Florida upon a personal case, the court having ruled that all the testimony in the case must be in on or before November 5. Under the rules of equity in Florida, testimony in such cases are taken in vacation, and although it is my earnest desire to be in the superior court of Randolph when court opens, it appears at this moment that it will be impossible so to do. However, I shall endeavor to be present not later than Thursday morning and will then be ready for the trial of any civil cases pending in the Randolph superior court. The

cases in which I am interested are [this case and others; naming them]. I am writing opposing counsel in each case requesting that they defer the cases named, by agreement, until Thursday morning. I regret exceedingly to make this request, but am compelled to do so in view of the situation mentioned. Cordially yours, Olin Hammock.' It will be noted that in this letter, honest and straight as he always is, he disclosed the true situation; he had gone to Florida on personal business, which had not been concluded, and he wrote to 'opposing counsel in each case requesting that they defer the cases named by agreement until Thursday morning.' No request was made of the court in this letter to grant him leave of absence or to protect his interest. The request was made to opposing counsel to 'defer the cases until Thursday morning.' Opposing counsel declined to do this, and the court, knowing that it would not be in session Thursday or later during the term for the trial of civil cases, and the case could not therefore be tried at this term, and realizing that no sufficient legal or even excusable reason had been shown to justify a continuance of the case for the term, granted the motion of defendant's counsel, dismissed all of plaintiff's proceedings by proper order. Personally this was not pleasant to the court, but being of the firm opinion that a judge should grant no favor or indulgence to one side derogatory to the interest of the other side, no other course was left open, and the court performed its judicial duty as it appeared. There is no question but what the personal business of the attorney on which he went to Florida may have been urgent and ever important, but the fact remains that he decided between his personal interest and that of his client, and voluntarily left the jurisdiction of this court, without obtaining leave of absence. To permit counsel to absent themselves from attendance on court to look after their personal business, without leave of absence and without legal or excusable grounds, would, if followed generally, prevent the transaction of any business on the trial of any cases, civil or criminal. This court has always taken great pleasure in accommodating attorneys, and likewise all attorneys resident of this circuit have always cordially cooperated with the court. For these reasons it is never pleasant to refuse requests made by attorneys, but duty must take precedence over pleasure. While the attorney as well as his client has my personal sympathy, my judicial duty requires that the motion to

reinstate the case and revoke the order dismissing the proceedings be denied, and it is so ordered."

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*